UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BARRY PAUL FILLMAN,

    Plaintiff,

v.                                                         CIVIL ACTION NO. 5:23-cv-00233

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Barry Paul Fillman's Application to Proceed Without Prepayment of Fees and Costs [Doc. 1], filed March 27, 2023. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on April 4, 2023. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Fillman's Application to Proceed Without Prepayment of Fees [Doc. 1] and dismiss this action.  Mr. Fillman timely objected. [Docs. 7, 9].[1]

**I.**

On March 27, 2023, Mr. Fillman, acting *pro se*,[2] filed an Application to Proceed Without Prepayment of Fees and Costs [Doc. 1] and a Complaint [Doc. 4] seeking relief pursuant

---

[1] On April 17, 2023, Mr. Fillman timely filed his initial objections to the PF&R wherein he requested an extension to file more thorough objections. [Doc. 7]. The Court granted the request and extended the deadline to file objections to September 20, 2023. [Doc. 8].

to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. and 1346(b). The Complaint names the United States of America as the sole defendant. [Doc. 4]. Mr. Fillman alleges that staff at the Federal Correctional Institution in Coleman, Florida (hereinafter "FCI Coleman") negligently lost his personal property while he was in the Special Housing Unit ("SHU").[3] [Id.]. Mr. Fillman alleges that he "packed all of [his] property before [he] left into 2 large plastic bags and left it in [his] cell with [inmate] Matthew Donegan." [Id.]. Mr. Fillman claims that after he left his cell, inmates Matthew Donegan, Leon Davenport, and Ronnie Domnick gave Mr. Fillman's property to Unit Officer Munriguez. [Id.]. Mr. Fillman alleges that on June 14, 2022, the SHU Property Officer Mr. Simmons informed Mr. Fillman "that he had no property." [Id.]. Mr. Fillman then utilized the BOP grievance process to recover his lost property. [Id.]. He claims that an investigation was conducted by "Lt. Doby (Acting Captain) who found that an officer (CO - Villeneava) saw the property packed and inventoried in his office in housing unit B-4 waiting to go to the SHU." [Id.]. However, BOP officials ultimately found that Mr. Fillman was not deprived of the personal property he claimed. [Id.]. Mr. Fillman seeks damages. [Id.].

On April 4, 2023, Magistrate Judge Aboulhosn recommended that the Court deny Mr. Fillman's application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The statute requires judicial screening where *in forma pauperis* status is sought. The case is then dismissed if the complaint (1) is frivolous, malicious, fails to state a claim upon which relief can

---

[2] A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

[3] SHUs are housing units in Federal Bureau of Prisons ("BOP") institutions where inmates are securely separated from the general inmate population. 28 C.F.R. § 541.21 (2023).

be granted, or (2) seeks monetary relief from an immune defendant.[4] Magistrate Judge Aboulhosn determined that, to the extent Mr. Fillman alleged a claim for the detention or mishandling of his property under the FTCA, it is barred under the detention exception to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by . . . law enforcement officers.").

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

Mr. Fillman objects to the magistrate judge's finding his FTCA claim sounds in negligence. [Doc. 9 at 5]. He instead asserts he is pursuing a Fifth Amendment Procedural Due Process Claim. [*Id.*].

---

[4] 28 U.S.C. § 1915A requires the Court to conduct a similar screening process where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

3

The Due Process Clause of the Fifth Amendment prohibits a state from depriving "any person of life, liberty or property without due process of law." U.S. Const. amend V. "To state a procedural due process claim, a plaintiff must first identify a protected liberty or property interest and then demonstrate deprivation of that interest without due process of law." *Martin v. Duffy*, 858 F.3d. 239, 253 (4th Cir. 2017) (alterations adopted) (quoting *prieto v. Clarke*, 780 F.3d. 245, 246 (4th Cir. 2015). "Put differently, a prisoner claiming a violation of his right to procedural due process must show: (1) that there is a state statute, regulation, or policy [that] creates such a [] interest, and (2) that the denial of such an interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quotation marks omitted); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995). Accordingly, "[a]n inmate who fails to satisfy these two requirements cannot invoke the procedural protections of the Due Process Clause." *Id.* (quotation marks omitted).

While *pro se* pleadings must be construed liberally, the Court does not have "license to look beyond the claim presented." *Folks v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022); *see also Bing v. Brivo Sys. LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (recognizing that liberal construction of a *pro se* litigant's pleadings "does not mean overlooking the pleading requirements"); *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) ("[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint.") (quoting *Labor v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc))). Mr. Fillman's complaint makes no mention of the Constitution, the Due Process Clause, or a *Bivens* claim.[5] He does not allege that prison

---

[5] The term "*Bivens* action" comes from *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in which the Supreme Court of the United States held that a violation of one's Fourth Amendment rights by federal officers can give rise to a federal cause of action for damages for

officials failed to comply with the grievance procedure, nor does he allege that he experienced any conditions that were atypical and significantly harsher than those inflicted upon the general population. The Complaint does, however, expressly mention the FTCA, and the FTCA permits an inmate to sue the United States for personal injuries or property damage caused by the wrongful or negligent act of a federal employee acting within his or her official duties. *See United States v. Muniz*, 374 U.S. 150, 162–66 (1963) (holding that suits under the FTCA could be maintained against the United States by federal prisoners to recover for personal injuries sustained during confinement in prison by reason of negligence of government employees); *Bulger v. Hurwitz*, 62 F.4th 127, 142 (4th Cir. 2023) ("The FTCA effects a limited waiver of sovereign immunity and creates a cause of action for certain tort claims against the United States . . . .").

Consequently, Magistrate Judge Aboulhosn correctly construed Mr. Fillman's Complaint as one asserting an FTCA negligence claim. There is no basis for the Court to read the Complaint more broadly. Moreover, in the event the Court framed a due process claim for Mr. Fillman, the absence of supporting factual allegations and the unfavorable governing law would both spell its immediate doom.

### IV.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 6**], **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs [**Doc. 1**], and **DISMISSES** the matter.

---

unlawful searches and seizures. The Supreme Court has never authorized a *Bivens* claim for procedural due process, *see Annappareddy v. Pascale*, 996 F. 3d 120, 134 (4th Cir. 2021) ("*Bivens* has never been extended to a Fifth Amendment due process claim."), and the Court of Appeals for the Fourth Circuit has determined that there are "special factors counseling against" such an extension, *Mays v. Smith*, 70 F.4th 198, 206 (4th Cir. 2023) (quotation marks omitted).

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

          ENTER:  December 20, 2023

                Frank W. Volk
                United States District Judge